UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIT SYNDICATES LIMITED, et al.,

          Plaintiffs,

      v.

WESTERN CATHOLIC INSURANCE
COMPANY, RISK RETENTION GROUP,
INC.,

          Defendant.

Case No. 18-cv-00279-VC

**ORDER DENYING MOTION TO
DISMISS AND ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 2, 15, 17

     1. Western Catholic Insurance Company's motion to dismiss is denied. Brit Syndicates and Old Republic Union Insurance Company have adequately alleged each of their causes of action. Western Catholic's arguments in support of its motion to dismiss are more appropriate for summary judgment, in part because the questions of coverage, the interpretation of the policies, the adequacy of the notice to Western Catholic, and the scope of the release of claims in the settlement agreement may merit further discovery. If any party wishes to file an early summary judgment motion, it may propose an appropriate briefing schedule at the case management conference on May 15, 2018.

     2. The plaintiffs' sealing request is denied. The sealing request is problematic in several respects. First, the request does not comply with paragraph 21 of this Court's Civil Standing Order. Namely, the sealing request does not explain why this material is sealable under the standard set forth in *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Furthermore, the plaintiffs' attempt to justify why this material should be sealed is inadequate. Simply pointing to a confidentiality provision in a settlement agreement is not

enough.  Nor is it sufficient to assert that "disclosure may prejudice [the policyholder's] right to enforce the confidentiality provision of the agreement."  Administrative Motion to File Under Seal at 3 (Dkt. No. 2).  The plaintiffs must provide specific reasons why, apart from the confidentiality provision, portions of the settlement agreement and complaint should be sealed. It is often especially inappropriate to seal the complaint, and in this case, it is difficult to imagine that all of these materials could justifiably be sealed if the school community was informed about the underlying events.  *See In re Hewlett-Packard Co. Shareholder Derivative Litig.*, No. 12-cv-06003-CRB, Dkt. No. 411 (N.D. Cal. July 28, 2015).

The plaintiffs may file a renewed sealing request within 14 days.  The plaintiffs must also immediately serve this order on all parties to the settlement agreement, so that they have an opportunity to object to any information being unsealed.  Any response to the sealing request must be filed within 4 days of the sealing motion being filed.  Failure to file a properly narrowed and justified sealing request may result in sanctions.

**IT IS SO ORDERED.**

Dated: May 11, 2018

_____
VINCE CHHABRIA
United States District Judge